at all? Mr. Idlibi, did I get that right? Idlibi? Idlibi, yes, yes, Your Honor. So you reserved two minutes for rebuttal, and you can begin whenever you're ready. Correct, Your Honor. Good morning, Your Honor. Good morning. My name is Ammar Idlibi, and I'm a case of discrimination, a substantive due process case, conscious, shocking case of a judge who terminated parental rights without any evidence of parental unfitness, without even identifying the case, the condition that the parent was supposed to rehabilitate from or any evidence that supports of any of the things that were submitted for determination. And according to Connecticut law, it is very clear that the jurisdiction is confined to the, which is not, it's a wide umbrella, but it's confined to the issues that are submitted for determination or are necessary steps for the issues that are submitted for determination. And because this judge could not find anything within her jurisdiction, she reached out extrajudicially to things out of her jurisdiction that are, you know, basically in an ambush style to determine things that are not submitted for determination or even linked in any way to other issues that are submitted for determination. So, and the complaint, as alleged and taken as true in this case, all the allegations, specifically specify all those facts. And not only as if it wasn't enough that she reached out for things that are out of her jurisdiction, many of them are even fabricated. And then on top of that, the only one evidence that could have precluded termination of parental rights is suppressed, intentionally suppressed by the judge. Now, the district court granted the motion of dismiss based on the claim that there are all, there's no non-conclusory statements in the complaint and that the individual judge enjoys judicial immunity. In his brief, in their appellee brief, the most crucial point is that they acknowledge that for the complaint to stand, the allegations have to be linked to the issue submitted for determination. So they say that they're ancillary to the finding of failure to rehabilitate. And that presents at this point a factual dispute because I'm saying they're not ancillary. They're not related in any way to any of the issues that are submitted for determination. So therefore, a motion, granting a motion to dismiss on jurisdiction or grounds is improper. And the only way this case can be defended easily, decisively, and over with is by a motion for summary judgment. Because then the judge can show, and it's the easiest way to defend a case of this nature, she can show what is the issue that has been submitted for determination and how she reached her final, how those claims in my complaint are related to it. And that's the end of the case. So that had to be converted to a motion for summary judgment to defend this case, but to present on their brief that is ancillary or, you know, related or, in other words, somehow connected to the issues for, that are submitted for determination, it becomes a factual dispute. And therefore, the granting motion for dismiss on jurisdiction grounds should be reversed. They're welcome to move for summary judgment and present whatever exhibits to show that they're connected as they claim in their brief. Can you just, I'm sorry, can you just repeat, like, the factual dispute that needs to be resolved as it relates to the question of judicial immunity? What's the factual dispute that relates to judicial immunity? Now, judicial immunity, it's only, she only enjoys judicial immunity if anything in the claim, the allegations are related to the issue to be determined. Now, I'm saying they're not related, they're completely unrelated, and they're outside her jurisdiction. They're saying factually it is related in their word, ancillary, which is meaning connected or supportive or related. But what I'm claiming in my complaint, they're not related. They have nothing to do with any of the issues that are submitted for determination whatsoever. Well, your claim, right, you alleged that the trial judge called the appeals judge and had some conversation, and that related to your case. Is that? This is only the conspiracy aspect of it. And in fact, this is secondary. Okay. The primary claim is that she has ruled on things. She ruled that I assaulted the mother of the children, where violence was not an issue, has nothing to do, wasn't like I was supposed to rehabilitate from being violent physically in any way whatsoever. The issue of assault was dismissed by the criminal court and was applied by the appellate court and Supreme Court of Connecticut that the mother was lying, was untruthful about it. So it's not like it's related in any way. They're saying it is related in their appellate brief, and that's where the factual dispute is. And that's why it's improper.  Yeah. All right. You have your two minutes for rebuttal. All right. I'll give Mr. Abrams a chance. Good morning. Yeah. Is it all the way up? Okay. It's up. Okay. Thanks. Good morning. My name is Ben Abrams, and I am an assistant attorney general with the state of Connecticut. I represent Judge Bergdorf of the Connecticut Superior Court. Plaintiff is suing the Connecticut Superior Court judge who in 2019 presided over a 15-day trial and issued a decision terminating his parental rights. Plaintiff years ago fully exhausted appeals of that decision in the Connecticut appellate court, the Connecticut Supreme Court, and the United States Supreme Court. Now plaintiff is suing a judge for her decision in federal court. Plaintiff is seeking another bite at the apple, and that is not permitted for many reasons. Judge Bergdorf is protected by judicial immunity in her individual capacity for judicial acts. Issuing a terminating plaintiff's parental rights after presiding over a trial is surely one of those judicial acts. The 11th Amendment bars official capacity claims against Judge Bergdorf, and no exception to sovereign immunity applies here for a decision that was issued years ago. Plaintiff's claim of a vast judicial conspiracy lacks any supporting factual basis, is entirely implausible, and was properly dismissed for failure to state a claim. And as Judge Meyer correctly held, the Rooker-Feldman doctrine bars plaintiff's attempt to overturn a four-year-old termination of parental rights judgment. I'm happy to answer any questions you may have. Thank you. Thank you. Judge Bergdorf asks that this court affirm the court's decision. If I were Judge Bergdorf, the first thing I would put on the first page on my appellate brief is the condition that I was supposed to rehabilitate from. That's not even stated neither in her decision nor in the appellate brief, and this in fact should be the first thing that counsel should have said in those five minutes, is the first thing is what is the condition? Imagine, can you imagine a judge terminating parental rights by clearly convincing standard of proof, not even identifying the condition that the parent should have been rehabilitated from, and in order to link that and connect it to my allegation to say, okay, they're connected, therefore what she did was judicial act. My claim is not judicial act because it's not connected, and according to the presence of the Connecticut Supreme Court, it identifies the judicial acts are clearly identified legally by the Connecticut Supreme Court, and because they're not connected or not, they're not judicial act. Your Honor, I emigrated from my home country of Syria because there is an oppressive regime there that deprives its citizens from liberty and from justice. I never thought in my wildest dreams I'm going to face this kind of oppression and injustice in this country, where my kids are put up for adoption for absolutely no reason, no condition. Is this a, do I have a case against a judge who terminates my parents' rights, put my kids up for adoption for no reason? They can't articulate what is the condition. I mean, if I have, if I were defending this case, and there are points, the first thing I would say, okay, this is a guy who is in and out of jails, who has addictive substance abuse issues, who is a child abuser, who is violent, or something like that. That's the first thing I would put when I defend a case. They have nothing like that, nothing. And when I have it, when there's a case, a judge who does that to a parent, is that, does this constitution of this country and the laws of this country permit that? This is my question, Your Honor. Thank you. I hope this is reversed based on the legal things that I have submitted in my briefs. All right, thank you both for coming in, and we'll reserve decision. Have a good day.